# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| KARA SCHAUF, | : Case No. 3:24-cv-273 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| ESTES EXPRESS LINES, INC., | : |
| Defendant. | : |

# ORDER

This matter is before the court upon Defendant Estes Express Lines, Inc.'s Motion to Compel Discovery (Doc. #14).

## I.  Background

In July 2019, Kara Schauf ("Plaintiff") filed a complaint in the Montgomery County Court of Common Pleas; the complaint stems from a July 2017 collision and asserts personal injuries against Estes Express Lines, Inc., ("Defendant"). (Doc #5). Plaintiff alleges Defendant's driver parked a commercial trailer in the wrong direction on a residential street that was not illuminated by street lighting and failed to place "warning devices" (i.e., bidirectional triangles, cones, etc.) around the trailer to alert motorists who would otherwise not be able to see the parked trailer. *Id.* at 2–3. Plaintiff collided with the parked trailer at approximately 20 miles per hour while rounding a curve in the road at 1 a.m. *Id.* at 4.

In February 2023, for the case before the Montgomery County Court of Common Pleas, Plaintiff testified in her deposition that she sought mental health treatment for her emotional injuries associated with the collision and that the accident was discussed during these sessions,

specifically mentioning University of Cincinnati Medical Treatment Center ("UC Medical Center") and BrightView Mason Addiction Treatment Center ("BrightView"). (Doc #14-2, *PageID* #s 12–18). Defendant requested that Plaintiff sign authorizations for Defendant to receive treatment records, resending the request a second time after Plaintiff failed to respond. (Doc #14-3, *PageID* #s 7–9). Once the request was resent, Plaintiff's counsel responded, declining to allow Plaintiff to sign the authorizations and stating that he reviewed the records, they were unrelated and therefore privileged, and they would not be produced. (Doc #14-3, *PageID* #s 5, 7). In response, Defendant filed a motion to compel, which the Montgomery County Court of Common Pleas granted. Plaintiff continued to withhold the documents, and Defendant filed a second motion to compel, which was made moot when Plaintiff voluntarily dismissed the case in October 2023. (Doc #14, *PageID* #4).

In the instant case, Plaintiff re-filed her personal injury complaint, and Defendant removed the case to this Court on the basis of diversity jurisdiction. The complaint restates the original allegations, asserting four claims for relief: (1) negligence *per se* (for allegedly violating regulations and statutory sections), (2) negligence (for breaching their legal duty to exercise the care necessary to avoid causing foreseeable injury), (3) vicarious liability, and (4) strict liability. (Doc #14-1, *PageID* #s 5–7). As part of Plaintiff's second claim for relief, the complaint lists "sustained personal injuries, medical expense, permanent disfigurement, severe pain, *emotional distress*, and other economic and non-economic losses." *Id.* at 6 (emphasis added).

Defendant contacted Plaintiff's counsel to receive the requested records as part of the discovery process, but after several conversations, there were no signs of progress. (Doc #14-5). The parties met with the undersigned for an informal discovery dispute conference, where the parties could not come to an agreement. Therefore, Defendant filed a motion to compel with this

2

Court. (Doc #14). Following Defendant's motion to compel, in an abundance of caution, the Court ordered Plaintiff to produce a copy of the records requested for *in camera* review and prepare a detailed privilege log with references to Plaintiff's claims of privilege for each document on or before January 24, 2025. (Doc #16). Plaintiff complied with the Court's order, submitting the records for review, as well as a memorandum opposing Defendant's motion. (Memorandum Opposing Defendant Estes Express Lines' Motion to Compel; Plaintiff's Motion for Protective Order; Plaintiff's Mot. for Attorney Fees and Sanctions; with Exhibits and Privilege, Jan. 27, 2025).[1] Additionally, Plaintiff moved for a protective order under Federal Rule 26(c) to keep Plaintiff from having to disclose information or records pertaining "to any symptomatology, diagnosis, or treatment [Plaintiff] has received for substance use disorder." *Id.*

## II.     Standard of Review

The Federal Rules of Civil Procedure provide that parties "may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case . . .." Fed. R. Civ. P. 26(b)(1) (emphasis added). Evidence is relevant when it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. Fed. R. Evid. 401. For the purposes of discovery, "relevance" is broadly construed. *Doe v. Ohio State Univ.*, No. 2:16-cv-171, 2018 U.S. Dist. LEXIS 44029, at *4 (S.D. Ohio Mar. 19, 2018).

A party seeking discovery may "move for an order compelling an answer, designation, production, or inspection" if a party fails to provide responses. Fed. R. Civ. P. 37(a)(3). However, in a motion to compel action, it is the *movant's* burden to prove that the sought-after information

---

[1] Plaintiff submitted her Memorandum Opposing Defendant Estes Express Lines' Motion to Compel; Motion for Protective Order; Motion for Attorney Fees and Sanctions; and Exhibits and Privilege Log to the Court with the documents for *in camera* review. However, Plaintiff is now ordered to file her Memorandum and Motions on the docket within **seven days**.

is relevant. *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010). Once the movant has met this burden, it then becomes the burden of the party asserting privilege to establish that certain records are protected. *Karimian-Dominique v. Good Samaritan Hospital*, 139 N.E.3d 1237, 1241 (2019) (citing *Marcum v. Miami Valley Hosp.*, 32 N.E.3d 974, 982 (Ohio Ct. App. 2015)). The Court must strike a balance that allows action where a party needs "to access the information necessary to establish its claim" while prohibiting "overly broad requests that amount to a fishing expedition." *Brahmamdam v. TriHealth Inc.*, 2021 U.S. Dist. LEXIS 115929, at *3 (S.D. Ohio 2021); *Fears v. Kasich*, 845 F.3d 231, 236–37 (6th Cir. 2016).

Generally, "in a civil case, state law governs privilege. . ." in cases brought on the basis of diversity jurisdiction. Fed. R. Evid. 501 ("regarding a claim or defense for which state law supplies the rule of decision"); *see also Jewel v. Holzer Hosp. Found., Inc.*, 899 F.2d 1507, 1513 (6th Cir. 1990) (on appeal from the United States District Court for the Southern District of Ohio). Ohio is governed by Ohio Revised Code ("O.R.C.") § 2317.02. Under the statute, mental health professionals are not required to disclose psychotherapy notes, however,

> a *physician*, advanced practice registered nurse, or dentist *may be compelled to testify or to submit to discovery* under the Rules of Civil Procedure . . . [when] the advice of the physician, advanced practice registered nurse, or dentist given to the patient in question . . . [is] *related causally or historically to physical or mental injuries that are relevant to issues* in the medical claim, dental claim, chiropractic claim, or optometric claim, action for wrongful death, *other civil action*, or claim under Chapter 4123. (*sic*) of the Revised Code.

O.R.C. § 2317.02(3)(a) (emphasis added). The statute applies this same privilege to mental-health professionals, such as clinical counselors, professional counselors, social workers, and therapists. O.R.C. § 2317.02(G); O.R.C. § 4732.19. It is the burden of the party seeking to assert privilege to establish that the records are not "causally or historically related" to the claims in their case. *Karimian-Dominique*, 139 N.E.3d 1237, at *P21 (citing *Pinnix v. Marc Glassman, Inc.,* 2012-

4

Ohio-3263, at *P10 (Ct. App.)). Ohio courts are called to "construe the statutory privilege strictly against the party asserting it and apply it only to those circumstances the statute specifically prescribes." *Ward v. Summa Health Sys.*, 128 Ohio St.3d 212, 218 (2010); see also *State Med. Bd. v. Miller*, 44 Ohio St.3d 136, 140 (1989).

Parties' psychotherapist-patient communications are generally protected from compelled disclosure. *Friedenberg v. Friedenberg*, 161 Ohio St.3d 98, 101. However, the psychotherapist-patient privilege does not "cover the patient/psychotherapist's identity, the time of treatment, and/or the fact that any such treatment took place." *Langenfeld v. Armstrong World Indus., Inc.*, 299 F.R.D. 547, 552 (S.D. Ohio 2014) (citations omitted). Under the statute and common law, such privilege can be waived in one of three ways: (1) if the patient or other legal representative gives express consent; (2) if the patient is deceased and the spouse or representative of the estate gives express consent; and (3) if a civil action is filed by the patient. O.R.C. § 2317.02(B)(1)(a)(i)–(iii); *White v. Honda of Am. Mfg.*, No. 2:07-CV-216, 2008 U.S. Dist. LEXIS 112102, at *4 (S.D. Ohio Dec. 31, 2008); *see also McCoy v. Maxwell*, 139 Ohio App. 3d 356, 743 N.E.2d 974 (2000) (finding that plaintiff did not waive privilege because, while the sought after information may have been relevant, she did not make a claim for emotion distress). Furthermore, there is no psychotherapist-patient privilege over records associated with psychiatric treatment in a personal injury case that alleges emotional injuries. *Bokma v. Raglin*, 2022-Ohio-960, at *P16.

Notably, trial courts have the discretion to order full disclosure when it can determine that the records are relevant to the case; the trial court may also review evidentiary support and make a factual finding that the records are causally or historically relevant. *Marcum v. Miami Valley Hosp.*, 32 N.E.3d 974, 982 (Ct. App.). In *Hawkins*, the U.S. District Court for the Southern District of Ohio found that plaintiff's medical and psychological records were discoverable and could be

5

compelled by asking whether (1) the documents were relevant, (2) the documents were privileged, and (3) the party asserting privilege had effectively waived privilege. *See generally Hawkins v. Anheuser-Busch, Inc.*, No. 2:05-CV-688, 2006 U.S. Dist. LEXIS 59217 (S.D. Ohio Aug. 22, 2006). Typically, however, "*in camera* review is unnecessary when the medical records sought 'might be within the ambit of the plaintiff's physician-patient-privilege waiver' when a civil action is filed alleging a claim that necessarily involves medical records." *Marcum*, 32 N.E.3d 974, 982 (quoting *Higbee v. Higbee*, 2014-Ohio-954, ¶ 13 (Ct. App.) (citations omitted)). A trial court is not required to conduct an *in camera* review for every case where a party asserts documents or records are privileged; the party asserting the privilege must establish a "factual basis" to justify the trial court engaging in an *in camera* review. *Karimian-Dominique*, 139 N.E.3d 1237, 1243 (referencing *Pinnix*, 2012-Ohio-3263); see also *Marcum*, 32 N.E.3d 974, 982 (finding, generally, a case may or may not require an *in camera* review, as determined by the trial court.).

Courts have held there may be sufficient factual basis for an *in camera* review when "the party asserting the privilege has asserted *in the record* that it has actually examined the materials requested, and did not find them causally or historically related." *Chasteen v. Stone Transp., Inc.*, 2010-Ohio-1701, at *P28 (Ct. App.) (citing *Piatt v. Miller*, 2010-Ohio-1363 (Ct. App.)) (emphasis added).

### III. Discussion

Defendant requests the Court grant its motion to compel the medical and psychological records Plaintiff referenced during her deposition. (Doc #14). Plaintiff asks the Court to deny Defendant's motion to compel and grant a protection order to keep Plaintiff from having to disclose information or records pertaining "to any symptomatology, diagnosis, or treatment [Plaintiff] has received for substance use disorder." (Memorandum Opposing Defendant Estes Express Lines'

6

Mot. to Compel; Plaintiff's Mot. for Protective Order; Plaintiff's Mot. for Attorney Fees and Sanctions; with Exhibits and Privilege, Jan. 27, 2025).

The medical records documenting Plaintiff's emotional distress that Defendant seeks to compel production of are relevant. In her deposition, Plaintiff asserted that she experienced depression and anxiety as a result of the collision. (Doc #14-2, *PageID* #s 12–18). Additionally, in an email exchange between counsel for Plaintiff and counsel for Defendant, counsel for Plaintiff asserts "[t]he effects of [Plaintiff's] profound facial scarring have had an obvious effect on her well-being, *which is relevant* and *will be introduced at trial*." (Doc #14-3, *PageID* #5) (emphasis added).

However, under federal and state statute, such records are generally protected from disclosure unless the party has waived the privilege. O.R.C. § 2317.02; *Friedenberg*, 161 Ohio St.3d 98, 101.

Here, Plaintiff has waived the psychotherapist-patient privilege. Once the party seeking the records has met its burden of showing that the privileged records are relevant, it becomes burden of the party seeking to assert privilege to establish that the relevant records are not causally or historically related to the claims in the case. *Gruenbaum*, 270 F.R.D. 298, 302; *Karimian-Dominique*, 139 N.E.3d 1237, at *P21. Plaintiff has failed to meet this burden. Plaintiff has asserted four claims: negligence *per se*, negligence, vicarious liability, and strict liability. (Doc #5, *PageID* #2–3). Two of these claims—negligence *per se* and negligence—specifically allege emotional distress. *Id.* By demanding damages for physical *and* emotional injuries resulting from emotional distress, Plaintiff has placed her mental condition is in controversy. O.R.C. § 2317.02(B)(1)(a)(iii); *Bokma*, 2022-Ohio-960 ("The fact that she explicitly stated that she suffered both physical and emotional pain and suffering waived her doctor-patient privilege for medical

7

records of both the physical and psychology/psychiatric varieties."); *White*, 2008 U.S. Dist. LEXIS 112102, at *4. Accordingly, Plaintiff has waived the psychotherapist-patient privilege, and her mental health records are discoverable.

It is clear from case law that, when a plaintiff initiates litigation that places their medical or mental health directly at issue, as Plaintiff has done in this case by asserting claims of emotional injury, they have—at least in part—waived the psychotherapist-patient privilege with respect to those records. *Marcum*, 32 N.E.3d 974; *Higbee*, 2014-Ohio-954. Absent special circumstances, an *in camera* review is typically unnecessary prior to ordering production, as the records are presumed to be relevant and subject to discovery. *Id.* While Plaintiff has asserted that the documents are privileged and/or an *in camera* review is necessary, no evidence or argument has ever been made in this regard, and mere conclusory statements do not rise to the level necessary to provide this foundation. Plaintiff's counsel has, however, asserted in the record that he has reviewed the requested documents and found they are not relevant to the instant claims. Nonetheless, in an abundance of caution, the Court has ordered and conducted an *in camera* review and found that the documents in question are relevant and discoverable.

However, if Plaintiff elects to withdraw her emotional distress claim, she is not required to produce the requested records. The Court will allow Plaintiff **seven days** from the date of this Order to file a motion to amend her complaint. If she does not amend within that time, Plaintiff shall produce the requested records by **August 4, 2025**.

Accordingly, Defendant Estes Express Lines, Inc.'s Motion to Compel Discovery (Doc. #14) is hereby **GRANTED**. Plaintiff is **ORDERED** to respond to all of the Defendant's discovery requests identified in the Motion to Compel Discovery on or before **August 4, 2025**.

Plaintiff is **ADVISED** that her failure to comply with this Order may result in the imposition of sanctions, including but not limited to the dismissal of this action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2).

**IT IS THEREFORE ORDERED THAT:**

1. Defendant Estes Express Lines, Inc.'s Motion to Compel Discovery (Doc. #14) is **GRANTED**; and

2. Plaintiff shall respond to Defendant's discovery requests on or before August 4, 2025.

July 14, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge